## MEMORANDUM DECISIONS.

CITY OF ANNISTON v. UNITED STATES ex rel. SAFE–DEPOSIT & TRUST CO. OF BALTIMORE. (Circuit Court of Appeals, Fifth Circuit. January 17, 1900.) No. 829. In Error to the Circuit Court of the United States for the Northern District of Alabama. T. W. Coleman, Jr., for plaintiff in error. J. J. Willett, for defendant in error. Dismissed, pursuant to the twentieth rule.

CUMBERLAND COAL CO. v. DUN et al. (Circuit Court of Appeals, Sixth Circuit. November 13, 1899.) No. 722. In Error to the Circuit Court of the United States for the Middle District of Tennessee. Dismissed for failure to print the record, pursuant to the twenty-third rule.

GREEN v. UNITED STATES. (Circuit Court of Appeals, Fifth Circuit. January 22, 1900.) No. 845. In Error to the Circuit Court of the United States for the Northern District of Alabama. Lee Cowart, for plaintiff in error. J. Ward Gurley, for the United States. Dismissed for want of prosecution.

KENAN v. TEXAS & P. RY. CO. (Circuit Court of Appeals, Fifth Circuit. December 20, 1899.) No. 875. In Error to the Circuit Court of the United States for the Northern District of Texas. T. J. Freeman, for defendant in error. Dismissed for want of prosecution.

MICHIGAN TEL. CO. v. CITY OF CHARLOTTE et al. (Circuit Court of Appeals, Sixth Circuit. November 13, 1899.) No. 721. Appeal from the Circuit Court of the United States for the Western District of Michigan. A. C. Angell, for appellant. Garry C. Fox and James M. Powers, for appellees. Dismissed upon stipulation. See (C. C.) 93 Fed. 11.

NEW ENGLAND R. CO. v. CONROY. (Circuit Court of Appeals, First Circuit. January 19, 1900.) No. 207. In Error to the Circuit Court of the United States for the District of Massachusetts. Frank A. Farnham, for plaintiff in error. James E. Cotter, for defendant in error. Before COLT, Circuit Judge, and WEBB and ALDRICH, District Judges.

PER CURIAM. Having considered the questions involved in this case, and having certified to the supreme court the following questions of law arising on the facts stated in the record: First, whether the negligence of the conductor was the negligence of a fellow servant of the deceased brakeman; second, whether the negligence of the conductor was the negligence of its vice or substituted principal or representative, for which the corporation is responsible,—and the supreme court having answered the first question in the affirmative and the second question in the negative (20 Sup. Ct. 85, Adv. S. U. S. 85, 44 L. Ed. ——), it follows that the judgment of the circuit court must be reversed, the verdict set aside, and the case remanded to that court for further proceedings. The judgment of the circuit court is reversed, the verdict set aside, and the case remanded to that court for further proceedings.